IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR227 |
| v. | |
| ROBERT PECK, JR., | MEMORANDUM AND ORDER |
| Defendant. | |

Defendant Robert Peck, Jr. ("Peck") moved to suppress (Filing No. 26) all evidence obtained against him from the search of his apartment on July 21, 2020, arguing the search warrant was not supported by probable cause. More specifically, Peck argues the warrantless canine sniff of his apartment door was an unlawful search under the Fourth Amendment to the United States Constitution, so evidence that the canine alerted to the presence of drugs should not have been considered in determining whether probable cause existed for a warrant. Peck further argues the good-faith exception to the exclusionary rule does not apply. *See United States v. Leon*, 468 U.S. 897, 919-20 (1984).

The magistrate judge[1] held an evidentiary hearing on Peck's motion on November 3, 2021, and issued a Findings and Recommendation (Filing No. 58). Peck timely objected (Filing No. 61). The Court has conducted a careful de novo review of the matter, *see* 28 U.S.C. § 636(b)(1), and agrees with the magistrate judge that Peck's motion to suppress should be denied. In consideration of Peck's first objection, however, the Court finds supplemental explanation is necessary.

Peck objects to the magistrate judge's conclusion that the canine sniff outside his apartment door from a common hallway does not constitute an unlawful search under the

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

Fourth Amendment. Peck's argument is largely based on his position that the door to his apartment is curtilage under the "trespassory test" as articulated in *Florida v. Jardines*, 569 U.S. 1, 5 (2013). Because Peck based most of his argument on a trespassory-curtilage theory, rather than relying on the reasonable-expectations test from *Katz v. United States,* 389 U.S. 347 (1967), it should be addressed. As explained in *Jardines*, "[t]he *Katz* reasonable-expectations test 'has been added to, not substituted for,' the traditional property-based understanding of the Fourth Amendment, and so is unnecessary to consider when the government gains evidence by physically intruding on constitutionally protected areas." 569 U.S. at 11 (quoting *United States v. Jones*, 565 U.S. 400, 409 (2012)).

In *Jardines*, the Supreme Court analyzed whether a canine sniff on the front porch of Jardines' home was a search under the Fourth Amendment. *Id.* at 7-8. In doing so, the Supreme Court first found Jardines' front porch was a constitutionally protected area—that is, his front porch was part of the curtilage of his home. *Id*. at 7-8 ("The front porch is the classic exemplar of an area adjacent to the home and 'to which the activity of home life extends.'" (quoting *Oliver v. United States*, 466 U.S. 170, 176 (1984))). It next found that the officers' purpose for entering the curtilage was to conduct a search for drugs using the canine, and the officers had no implicit license to be there. *Id.* The Supreme Court explained there is an "implicit license . . . to approach the home by the front path, knock promptly, wait briefly to be received," but the same custom does not apply to bringing "a trained police dog to explore the area around the home in hopes of discovering incriminating evidence." *Id.* at 8-9. Accordingly, the Supreme Court concluded "[t]he government's use of trained police dogs to investigate the home and its immediate surroundings is a 'search' within the meaning of the Fourth Amendment." *Id.* at 11-12.

The Eighth Circuit has applied the trespassory test from *Jardines* in cases where officers have conducted a canine sniff around the exterior of townhomes. Under the circumstances of those cases, the Eighth Circuit found the officers engaged in unlawful searches under the Fourth Amendment. *See United States v. Burston*, 806 F.3d 1123,

1127-28 (8th Cir. 2015) (finding a canine sniff of an exterior window to a townhome was a search under the Fourth Amendment); *United States v. Hopkins*, 824 F.3d 726, 732 (8th Cir. 2016) (finding "[t]he area immediately in front of Hopkins' [exterior] door was also curtilage," and the canine sniff of that area was a search under the Fourth Amendment). The Eighth Circuit expressly did "not consider how *Jardines* applies to interior hallways of an apartment complex." *Hopkins*, 824 F.3d at 732 n.3.

In both *Burston* and *Hopkins*, the Eighth Circuit analyzed whether the area in which the canine sniff occurred was curtilage by applying a multi-factor test from *United States v. Dunn*, 480 U.S. 294, 301 (1987). *See Burston*, 806 F.3d at 1127; *Hopkins*, 824 F.3d at 731-32. Those factors are "[1] the proximity of the area claimed to be curtilage to the home, [2] whether the area is included within an enclosure surrounding the home, [3] the nature of the uses to which the area is put, and [4] the steps taken by the resident to protect the area from observation by people passing by." *Hopkins*, 824 F.3d at 731-32. Courts also consider what "daily experience" tells us about the area claimed to be curtilage. *Jardines*, 569 U.S. at 7. The *Dunn* "factors are not mechanically applied and are considered together." *Hopkins*, 824 F.3d at 732.

Applying the *Dunn* factors under the facts of this case, the Court concludes Peck's door, as accessed from the common hallway of his apartment building, was not curtilage. First, the area sniffed by the canine was immediately next to Peck's home; the canine alerted to the presence of drugs at the outside threshold or jambs of the door into Peck's apartment. The first factor weighs heavily in favor of finding that area to be curtilage, but the remaining factors are not so favorable. The area was not surrounded by an enclosure, and there is no evidence that Peck used the surrounding area for anything other than a means of entering his apartment. *Cf. Hopkins*, 824 F.3d at 732 (finding the third factor weighed in favor of finding the cement area outside the townhome was curtilage because evidence showed that area was "used for grilling and storing bicycles"). Nothing about the hallway or exterior of Peck's door suggests it was an area "to which the activity of home

life extends." *Jardines*, 569 U.S. at 7. As to the fourth factor, there is evidence that the exterior of the apartment building was locked to ordinary passersby, but the hallway—which held at least eight other apartments—was completely open to and used freely by other tenants, neighbors, visitors, and apartment management.[2] *Cf. Burston*, 806 F.3d at 1127 (explaining "a bush planted in the area in front of the window" was "likely to prevent close inspection of Burston's window by passersby"). Applying *Dunn*, the Court cannot conclude the area around Peck's door was curtilage. Accordingly, the sniff was not a search under the trespassory test and *Jardines* line of cases.

As to Peck's other objections, the Court agrees with the magistrate judge's analysis. Here, the canine sniff was also not a search in violation of the Fourth Amendment under the reasonable-expectations test per existing Eighth Circuit law. *See United States v. Scott*, 610 F.3d 1009, 1016 (8th Cir. 2010) (finding Scott has no reasonable expectation of privacy in possessing contraband, so the "sniff of the apartment door frame from a common hallway did not constitute a search subject to the Fourth Amendment").[3] The Court similarly agrees with the magistrate judge that probable cause existed to support issuance of the search warrant, but even if it did not, the good-faith exception precludes suppression of the evidence. *See United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007).

For the foregoing reasons,

IT IS ORDERED:

---

[2]The officers in this case were let into the apartment building by management for the purpose of conducting a canine sniff.

[3]*Scott* has not been overruled by *Jardines* because that "decision was based on the violation of the defendant's property, not privacy, rights." *Burston*, 806 F.3d at 1127. *Burston* cites and distinguishes itself from *Scott* on the same basis. Without overruling *Scott*, the Eighth Circuit has also noted it "declined to reach the question whether a drug dog sniff violated the Fourth Amendment as construed in *Jardines* because each of the drug dog sniffs at issue occurred prior to the *Jardines* decision and thus was permissible under binding circuit precedent." *United States v. Mathews*, 784 F.3d 1232, 1235 (8th Cir. 2015) (collecting cases).

1. Defendant Robert Peck, Jr.'s objections (Filing No. 61) to the magistrate judge's Findings and Recommendation are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 58) is accepted.
3. Peck's Motion to Suppress (Filing No. 26) is denied.

Dated this 26th day of April 2022.

                                                BY THE COURT:

                                                Robert F. Rossiter, Jr.
                                                Chief United States District Judge