IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT PECK, JR.,<br><br>Defendant. | 8:20CR227<br><br>FINDINGS AND RECOMMENDATION |

    This matter is before the Court on Defendant's Motion to Dismiss (Filing No. 69) Count II of the Indictment, which charges him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Having considered the matter, the undersigned will recommend that a ruling on Defendant's motion be deferred until after the trial.

**FACTS**

    Defendant is charged with three counts: (Count I) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(D); (Count II) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); and (Count III) using or possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). (Filing No. 1.) The conduct leading to these charges involves a search of Defendant's residence in which officers found firearms, marijuana, and items allegedly associated with drug trafficking.

    Defendant filed the instant Motion to Dismiss on August 3, 2022. On October 11, 2022, the Court held a telephone status conference with counsel regarding Defendant's motion. The parties advised that additional briefing on the motion was appropriate. The Court gave the government until October 25, 2022 to submit a supplemental brief, and gave Defendant until

November 8, 2022 to submit his supplemental brief. The Court also set a status conference for November 22, 2022, but the conference was subsequently continued to November 30, 2022, to allow the parties more time to submit their supplemental briefs. The government filed its supplemental brief on November 1, 2022. (Filing No. 84). Defendant filed his supplemental brief on November 15, 2022. (Filing No. 85.)

At the status conference on November 30, 2022, the parties agreed to continue the conference until December 8, 2022, to provide more time to discuss how to proceed on Defendant's motion. During the status conference on December 8, 2022, the Court advised the parties that it would not hold a hearing on Defendant's motion and the matter would be deemed submitted as of that date.

## DISCUSSION

Defendant argues in his Motion to Dismiss that his felon in possession of a firearm charge under 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him because (1) he was using the firearms at issue to protect his home and (2) although he was previously convicted of a felony, that felony was not one of violence and he is no more dangerous than the typical, law-abiding citizen. The government requests that a ruling on Defendant's Motion to Dismiss be deferred until after the trial because it necessarily involves a trial on the merits.

Under Federal Rule of Criminal Procedure 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). "A motion is capable of pretrial determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the motion." *United States v. Turner*, 842 F.3d 602, 604 (8th Cir. 2016) (quotation omitted). "The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling." Fed. R. Crim. P. 12(d). "Good cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that fall within the province of the ultimate finder of fact." *Turner*, 842 F.3d at 605 (quotation omitted). Courts cannot make factual findings when an issue is "inevitably bound up with evidence about the alleged offense itself." *Id*.

Defendant argues the charge under 18 U.S.C. § 922(g)(1) should be dismissed because the statute is unconstitutional as applied to him. "An as-applied challenge asks the reviewing court to declare the disputed statute unconstitutional on the facts of the particular case." *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (internal quotation omitted). "The as-applied challenger does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Id*. To succeed on an as-applied challenge, the defendant must establish "(1) that the Second Amendment protects his particular conduct, and (2) that his felony conviction is insufficient to justify the challenged regulation of Second Amendment Rights." *Id.* at 605-06. The Eighth Circuit has rejected as-applied challenges to § 922(g)(1) "when the challenger had a violent felony or was otherwise among those historically not entitled to Second Amendment protections." *United States v. Hughley*, 691 Fed. App'x 278, 279 (8th Cir. 2017) (rejecting an "as applied" challenge to § 922(g)(1) by a defendant who had committed multiple, non-violent felonies, stating that the statute's purpose "reaches beyond felons who have proven themselves violent").

Defendant contends 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him because he possessed the firearms to protect his home. To succeed on this challenge, Defendant must establish that the Second Amendment protects his conduct. This would involve an examination of *why* Defendant possessed the firearms—to protect his home or to further drug trafficking activities. Thus, facts surrounding Defendant's possession of the firearms are inevitably bound up and intertwined with evidence concerning Count I (possession with intent to distribute a controlled substance) and Count III (using or possessing a firearm in furtherance of drug trafficking). Defendant's as-applied challenge cannot be decided without resolving factual issues related to the charged offenses. These factual determinations must be left to the finder of fact. Therefore, for good cause shown, a ruling on Defendant's Motion to Dismiss must be deferred until after the trial.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Court Judge Robert Rossiter, Jr. that a ruling on Defendant's Motion to Dismiss (Filing No. 69) be deferred until after the trial.

Dated this 3rd day of January, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.