IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR227 |
| v. | |
| ROBERT PECK, JR., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Robert Peck, Jr.'s ("Peck") motion to dismiss (Filing No. 69). The magistrate judge issued a Findings and Recommendation (Filing No. 88) recommending the Court defer ruling on the motion until after trial. Peck objected (Filing No. 90). For the following reasons, the Court finds pretrial determination is proper and denies Peck's motion to dismiss.

I.   BACKGROUND

On August 20, 2020, Peck was indicted on three counts—possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1) ("Count I"); being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) ("Count II"); and using or possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count III").

Peck filed the instant motion on August 3, 2022. He asks the Court to dismiss Count II, arguing § 922(g)(1) is "unconstitutional as applied in this case." *See United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) ("[A] party who raises an as-applied constitutional challenge to a statute must show that the statute as applied in the particular circumstances of his case infringed on conduct that was constitutionally protected."). Specifically, Peck argues his particular conduct—"own[ing] the firearms in question to protect his home"—is protected by the Second Amendment to the United States

Constitution. He also argues his "prior felony conviction is insufficient to justify the challenged regulation of [his] Second Amendment rights" because, according to Peck, it was a nonviolent-marijuana-possession charge. Opining he is "no more dangerous than a typical, law-abiding citizen," he requests an evidentiary hearing on the matter.

The government argues § 922(g)(1) is constitutional as applied to Peck because Peck's "criminal history and underlying conduct make clear that he is not a 'typical law-abiding citizen.'" (Filing No. 74). It asks the Court to "deny [Peck's] motion to dismiss without a hearing."

After a status conference on October 11, 2022, the magistrate judge in this case ordered the parties to submit additional briefing on whether an evidentiary hearing was necessary and whether a ruling on the motion should be deferred until after trial. On December 8, 2022, the magistrate judge determined she would not hold a hearing on the motion to dismiss. On January 3, 2023, she issued a Findings and Recommendation (Filing No. 88) recommending the Court defer ruling on the motion until after trial. Peck objected (Filing No. 90), arguing his motion to dismiss should "be taken up as a pretrial motion pursuant to Federal Rule of Criminal Procedure 12(b)(1)."[1] The government responded to Peck's objections (Filing No. 91).

## II. DISCUSSION
### A. Pretrial Determination

As an initial matter, the Court must determine whether to rule on Peck's motion before or after trial. "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Court must decide a pretrial motion before trial unless the Court "finds

---

[1] Peck also seeks to clarify whether he "would present his Second Amendment defense to the jury" or whether the Court would "have another evidentiary hearing after trial and make a determination" then if his motion is heard after trial.

good cause to defer a ruling." Fed. R. Crim. P. 12(d). Good cause exists when the motion is "bound up in facts that require[] jury determination." *United States v. Gilliam*, 934 F.3d 854, 859 n.3 (8th Cir. 2019).

Peck distinguishes his case from *United States v. Turner*, 842 F.3d 602 (8th Cir. 2016), one of the cases discussed by the government. Peck contends the § 922(g)(3) charge in *Turner* "would require the government to bring forward evidence of past or current drug use" at trial. In contrast, he argues, Count II in his case has "no similar or even analogous issue" and the "issues raised . . . are not inevitably bound up in the evidence of the crime itself."

The government avers "[t]he magistrate judge correctly found that this issue cannot be determined until after trial" because the Court must "make a finding as to *why* [Peck] possessed the firearms." It argues the Findings and Recommendation "correctly addressed that [Peck's] constitutional challenge to [Count II] is inevitably bound up with [Counts I and III]."

After considering the parties' arguments and the balance of the record in this case, the Court does not find good cause to delay decision on Peck's motion until after trial. "[T]rial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity" of Peck's motion to dismiss. *Turner*, 842 F.3d at 604 (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). As detailed below, the Court can rule on Peck's motion without awaiting a jury determination.

    **B.**    **Peck's Motion to Dismiss Count II**

The United States Supreme Court decided in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 561 U.S. 742 (2010), that the Second Amendment protects "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 579 U.S. ___, ___, 142 S. Ct. 2111, 2122 (2022). *McDonald* also reaffirmed *Heller's*

acknowledgment that its "holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill[.]'" *McDonald*, 561 U.S. at 786 (quoting *Heller*, 554 U.S. at 626-27). More recently, the Supreme Court's *Bruen* decision changed the landscape of challenges to Second Amendment regulations.[2]

Before *Bruen*, the Eighth Circuit repeatedly "rejected as-applied challenges to § 922(g)(1) when the challenger had a violent felony or *was otherwise among those historically not entitled to Second Amendment protections*." *United States v. Hughley*, 691 F. App'x 278, 279 (8th Cir. 2017) (unpublished per curiam) (emphasis added) ("Restricting gun possession by felons—even nonviolent ones—differs meaningfully from restricting citizens who have not been convicted of serious offenses from having guns in their home for self-defense. [The defendant's] efforts to protect himself while possessing illegal drugs stand in stark contrast.").

The court has discussed factors relevant to a defendant's criminal history in deciding as-applied Second Amendment challenges to § 922(g)(1):

> While we have not granted relief based on an as-applied challenge, we have suggested factors that might make relief more likely. For example, in *Woolsey*,[3] we noted that such a challenge could not succeed if a defendant

---

[2] Although neither Peck nor the government mention *Bruen,* its potential impact on the Court's analysis of Peck's motion warrants a short discussion. Numerous defendants have challenged the constitutionality of § 922(g)(1) after *Bruen*, but the challenges have been repeatedly rejected. *See*, *e.g.*, *United States v. Baker*, No. 22:20-cr-00301-DBB, 2022 WL 16855423 at *4 (D. Utah, Nov. 10, 2022) (stating that "federal courts nationwide appear to have uniformly rejected constitutional challenges to § 922(g)(1) in the wake of . . . *Bruen*" and collecting cases in footnote 42); *United States v. Jones*, No. 20-00354-01-CR-W-HFS, 2022 WL 17331287 (W.D. Mo. Oct. 19, 2022); *United States v. Jackson*, No. CR 21-51 (DWF/TNL), 2022 WL 4226229 (D. Minn. Sept. 13, 2022). *But see United States v. Rahimi*, 59 F.4th 163 (5th Cir. 2023) (striking down 18 U.S.C. § 922(g)(8), which prohibits the possession of firearms by persons with a domestic-violence-related restraining order imposed against them, as unconstitutional after *Bruen*).

[3] *United States v. Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014).

> fails to present facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections. We have also suggested that the nature of a defendant's prior convictions—violent or non-violent—would be material to the question of whether the defendant is more dangerous than a typical law-abiding citizen.

*United States v. Siegrist*, 595 F. App'x 666, 667-68 (8th Cir. 2015) (unpublished per curiam) (internal citations and quotations omitted).

The Eighth Circuit applied *Heller* to uphold the constitutionality of § 922(g)(1) in *United States v. Irish*, 285 F. App'x 326, 327 (8th Cir. 2008) (unpublished per curiam) ("[T]he Second Amendment does not bar laws prohibiting felons from possessing firearms."), and in subsequent cases, *see United States v. Williams*, 24 F.4th 1209, 1211 (8th Cir. 2022) (per curiam) (rejecting an as-applied challenge and noting "the location of [the defendant's] firearm in the house for the alleged purpose of self-defense, by itself" did not make § 922(g)(1) unconstitutional under *Heller* and *McDonald*). Although *Bruen* changed the analysis some, it did not overrule *Heller* or *McDonald* and there is no need to question this Eighth Circuit precedent.[4] *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (explaining the district court is bound by Eighth Circuit precedent).

---

[4] The *Bruen* majority made clear that its decision is "[i]n keeping with *Heller*," *Bruen*, 579 U.S. at ___, 142 S. Ct. at 2126, in that the Second Amendment "'elevates above all other interests the right of law-abiding, responsible citizens to use arms' for self-defense," 579 U.S. at ___, *id*. at 2131 (quoting *Heller*, 554 U.S. at 635). Most of the Justices confirmed *Bruen* upholds *Heller*'s approval of statutes prohibiting felons from possessing firearms. *See* 579 U.S. at ___, *id*. at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.) (explaining "the Second Amendment allows a 'variety' of gun regulations," including the "longstanding prohibitions on the possession of firearms by felons and the mentally ill" discussed in *Heller*); 579 U.S. at ___, *id*. at 2157 (Alito, J., concurring) (stating *Bruen* did not disturb anything the Court said in *Heller* or *McDonald* "about restrictions that may be imposed on the possession or carrying of guns"); 579 U.S. at ___, *id*. at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.) (stating *Bruen* "cast[s] no doubt on" the lawfulness of the "four types of firearms regulations" identified as "presumptively lawful" in *Heller*).

5

Turning to the instant motion, to succeed on his as-applied challenge Peck must establish "(1) that the Second Amendment protects his particular conduct, and (2) that his prior felony conviction is insufficient to justify the challenged regulation of Second Amendment rights." *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019). Even accepting Peck's version of events in its entirety, Peck's criminal history and prior felony conviction are sufficient to justify his indictment under § 922(g)(1).

The Court will accept, for the purpose of this motion, that "the firearms [Peck] is charged with in the Indictment in this matter were found in his home, and that their presence therein was for the purpose of self-defense." The Court will also accept Peck's assertion that he "was previously convicted of a felony, [and] that felony was not one of violence." The government does not dispute that firearms were found at Peck's residence or that Peck's prior felony conviction was a nonviolent felony.

Given Peck's undisputed criminal record and the nature of his previous convictions, the Court can evaluate his motion without a hearing and on the current record. The record shows Peck's prior felony conviction was for delivering, distributing, manufacturing, or possessing a controlled substance. As the government points out, on the date of his arrest for that offense, Peck "also carried a concealed weapon and drove under the influence" and was convicted of those offenses. Most critically, Peck has other violent convictions, including for terroristic threats and assault and battery.

Peck has not "presented 'facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections.'" *United States v. Brown*, 436 F. App'x 725, 726 (8th Cir. 2011) (unpublished per curiam) (quoting *United States v. Barton*, 633 F.3d 168, 174 (3d Cir. 2011)); *see also Hughley*, 691 F. App'x at 279 ("Although [the defendant's] prior felonies were nonviolent, he has not shown that he is no more dangerous than a typical law-abiding citizen."). Peck's as-applied Second Amendment challenge fails. Accordingly,

IT IS ORDERED:

1. Defendant Robert Peck, Jr.'s objections (Filing No. 90) to the magistrate judge's Findings and Recommendation are sustained.
2. The magistrate judge's Findings and Recommendation (Filing No. 88) is rejected.
3. Peck's Motion to Dismiss (Filing No. 69) is denied.

Dated this 3rd day of March 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge