IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR227 |
| vs. | |
| | FINDINGS AND RECOMMENDATION |
| ROBERT PECK JR., | |
| Defendant. | |

This matter is before the Court on Defendant's Second Motion to Suppress. (Filing No. 94.) The parties stipulated that an evidentiary hearing was not necessary on this motion, and that the Court could take judicial notice of the entire docket of this case in considering the motion. (Filing No. 106.) The undersigned approves and adopts the parties' stipulation and hereby takes judicial notice of the filings in this case as stipulated by the parties.

For the reasons explained below, the undersigned will recommend that the Second Motion to Suppress be denied.

## BACKGROUND

Law enforcement began investigating Defendant in or around June, of 2020 based on Omaha Crime Stoppers tips. On July 16, 2020, officers went to the ZAG Apartment complex where Defendant resided. ZAG property management gave law enforcement access to a communal hallway outside of Defendant's apartment, where law enforcement then deployed a drug dog. The dog sniffed along the bottom of apartment door seams and alerted and indicated to the odor of drugs coming from Defendant's apartment.

On July 17, 2020, law enforcement obtained a warrant to search Defendant's apartment. The warrant was executed on July 21, 2020. During the search, officers located marijuana, marijuana derivatives, anabolic steroids, multiple firearms, drug paraphernalia, a safe, as well as other things consistent with drug distribution. Officers also located a black LG cell phone with a Tracfone logo ("LG cell phone").

On April 29, 2021, Defendant moved to suppress all evidence obtained from the search of his apartment, arguing the warrant was not supported by probable cause. (Filing No. 26.) Defendant argued that the dog sniff of his apartment door was an unlawful search and, therefore, evidence that the dog alerted to the presence of drugs should not have been considered in determining whether probable cause existed for the search warrant. Defendant further argued that the good faith exception to the exclusionary rule was inapplicable. An evidentiary hearing was held regarding that motion to suppress on November 3, 2021.

Defendant requested leave to submit a supplemental brief regarding the motion to suppress on December 2, 2021, which the Court allowed. (Filing Nos. 51, 53.) Defendant was ordered to submit his supplemental brief by December 30, 2021, and the government's responsive brief was to be filed by January 13, 2022. (Filing No. 53.) The Court indicated in its order that the motion to suppress would be considered submitted upon the filing of the supplemental briefs. (Filing No. 53.) The government's deadline to submit its supplemental brief was later extended to January 27, 2022. (Filing No. 56.) The supplemental briefs were timely submitted by both parties and the motion to suppress was considered submitted on January 27, 2022. (Filing Nos. 54, 57.)

On February 22, 2022, the undersigned issued a Findings and Recommendation denying Defendant's motion to suppress. (Filing No. 58.) The undersigned found that the dog sniff did not violate Defendant's Fourth Amendment rights and that there was probable cause for issuance of the warrant. The undersigned further concluded that even assuming the warrant was not supported by probable cause, the good faith exception would operate to preclude suppression of the evidence. Defendant objected to the undersigned's Findings and Recommendation. (Filing No. 61.) On April 26, 2022, Chief United States District Judge Robert Rossiter, Jr. overruled Defendant's objections and accepted the undersigned's Findings and Recommendation. (Filing No. 63.)

On November 21, 2022, a search warrant application and affidavit were presented to the Court for the search of the LG cell phone obtained during the search of Defendant's apartment. (Filing No. 106-1.) The search warrant application presented to the Court stated, in part, as follows:

> During July of 2020, the Omaha Police Department Narcotics Unit began investigating multiple Omaha Crime Stoppers Complaints which alleged a party named "Robert Peck Jr." a/k/a "Bobby PECK" was selling marijuana, cocaine, heroin, hash oil and steroids from his apartment. The anonymous complaints further alleged that PECK was also in possession of multiple firearms despite being a convicted felon. The Omaha Police Department Narcotics Unit was able to identify PECK's apartment as 5106 Mayberry Street, #2312, Omaha, Douglas County, Nebraska. Officers confirmed through NCJIS that Peck was a convicted felon. Officers utilized investigative techniques which led to the issuance of a court authorized search warrant for PECK's residence located at 5106 Mayberry Street, #2312, Omaha, Douglas County, Nebraska.
>
> On Tuesday, July 21, 2020, at approximately 0701 hours, the Omaha Police Department SWAT Team executed the court authorized no-knock search warrant. Robert PECK was located in the living room area of the apartment and was taken into custody. There were no other occupants in the residence. A cellular telephone (Device 1) was located in the living room on the coffee table and seized as evidence. According to reports, the cell phone found in the living room (listed as Item #39 on police reports) was identified as belonging to Robert PECK. A systematic search of the apartment was conducted; officers located over one pound of marijuana, THC wax, anabolic steroids, three digital scales (one with residue located in a safe), drug packaging, $5,400 U.S. currency and venue items for Robert PECK. Officers also located a loaded 9mm handgun on top of the nightstand in the bedroom, a loaded shotgun next to the bed, and a loaded AR-15-style rifle, also in the bedroom. Additional boxed ammunition and loaded magazines for the rifle and handgun were also located on top of and inside of the nightstand in the bedroom. Officers also found a bump stock to an AR-15-style rifle, bullet proof vest, and bullet proof trauma plates. I know from experience and training that the aforementioned items are indicative of illegal narcotic sales and that persons involved in drug trafficking often keep loaded firearms as protection against robbery attempts.

(Filing No. 106-1.) Based on the warrant application and affidavit, the Court issued a warrant allowing law enforcement to search the contents of the LG cell phone. (Filing No. 106-1.) The warrant was executed on or about December 5, 2022.

Defendant filed the instant Second Motion to Suppress on February 24, 2023, seeking to suppress evidence obtained from the search of the LG cell phone. (Filing No. 94.) The parties have stipulated that the Court can "take judicial notice of the entire docket including, but not

3

limited to, the parties' briefings on all matters, all exhibits, hearing audio recordings, court recommendations, court orders, and parties' objections in reaching its determination regarding the current motion to suppress." (Filing No. 106.)  The Court has done so.

## DISCUSSION

In his Second Motion to Suppress, Defendant seeks to exclude all evidence obtained through the search of the LG cell phone. Defendant argues the search of the LG cell phone and the evidence obtained therefrom is "fruit of the poisonous tree," under Wong Sun v. United States, 371 U.S. 471 (1963) because the phone was seized through the unlawful dog sniff and the search of his apartment on July 21, 2020 by using an illegal search warrant.  Defendant further asserts in his motion that the officers' reliance on the search warrant for the LG cell phone was not objectively reasonable or in good faith.  Defendant represents that he filed the Second Motion to Suppress to preserve any issues related to the search conducted on the LG phone because the search was derivative of the previous dog sniff and search warrant issued for his apartment.

If officers conduct an unlawful search, physical evidence from the search must be excluded as fruits of the officers' illegal action. Wong Sun v. United States, 371 U.S. 471 (1963).  The exclusionary rule is a "deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." Davis v. United States, 564 U.S. 229, 231 (2011).  This Court has already concluded that the dog sniff conducted outside Defendant's apartment, and the subsequent search of his apartment, did not violate Defendant's constitutional rights.  This Court has also ruled that the warrant for the apartment was supported by probable cause and that the good faith exception to the warrant requirement is applicable.  Therefore, the fruits of the search of the apartment, including the LG cell phone, remain admissible.

In his brief, Defendant does not argue that the affidavit for the warrant for the LG cell phone in and of itself lacked probable cause.  Instead, he argues that the first search warrant was illegal and, therefore, the LG cell phone is the illegal "fruit" from the search of his apartment.  However, in his motion to suppress, Defendant indicates the information contained in the application and affidavit for the search warrant for the LG cell phone was insufficient to constitute probable cause for said search warrant.

4

To be constitutionally valid, "a search warrant must be supported by a showing of probable cause." *United States v. Summage*, 481 F.3d 1075, 1077 (8th Cir. 2007). Probable cause exists if, based on the totality of the circumstances, a showing can be made "sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." *United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002) (quotation omitted). "Probable cause to issue a search warrant exists when an affidavit in support of the warrant sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." *United States. v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007) (quotation omitted). The warrant for the LG cell phone was issued, in part, based on evidence obtained from the search of Defendant's apartment following the dog sniff, which included the LG cell phone itself, drugs, firearms, and other things consistent with drug distribution. Based on the totality of the circumstances, there was a fair probability that evidence of a crime would be found on the LG cell phone. Thus, there was probable cause for issuance of the search warrant for the LG cell phone and evidence from the LG cell phone remains admissible.[1]

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Court Judge Robert Rossiter, Jr. that Defendant's Second Motion to Suppress (Filing No. 94) be denied.

Dated this 20th day of June, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] The Court notes that the good faith exception would apply to the search warrant for the LG cell phone. At the time the search warrant was issued, Chief Judge Rossiter had already found that the search of Defendant's apartment was lawful. Given Judge Rossiter's ruling, the officers' reliance on the warrant for the LG cell phone was objectively reasonable. *See Proell*, 485 F.3d at 430 ("Under the good-faith exception, evidence seized pursuant to a search warrant issued by a magistrate that is later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable.").

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.