IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PECK, JR.,<br><br>Defendant. | **8:20CR227**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Robert Peck, Jr.'s ("Peck") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (Filing No. 172). After conducting an initial review, the Court must deny the motion because the only issue Peck raises was already decided on direct appeal and no exception to that bar applies. *See Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012) ("[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

## I. DISCUSSION

### A. Standard of Review

A § 2255 motion does not provide a remedy for "all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Instead, its relief is limited to cases where the sentence violates the "Constitution or laws of the United States"; the Court lacked "jurisdiction to impose such sentence"; the sentence exceeded the "maximum authorized by law"; or the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. "[Peck] bears the burden of showing that he is entitled to relief under § 2255." *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018).

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court, the Court must complete a preliminary review of a defendant's § 2255 motion. If "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," then the Court "must dismiss the petition." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

"With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal." *Sun Bear*, 644 F.3d at 702; *accord Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981). One of those exceptions is when "new law has been made since the trial and appeal." *Davis v. United States*, 417 U.S. 333, 342 (1974) (internal quotation marks and ellipsis omitted). But in "the absence of an intervening change in the law, or newly discovered evidence, [the Court] will not reconsider any claim that was resolved on direct appeal in a section 2255 habeas proceeding." *English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993) (citing *Davis*, 417 U.S. at 342).

**B. Peck's Sole Ground for Relief was Resolved on Direct Appeal**

When Peck entered a conditional guilty plea (Filing No. 134, 137) to possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) and (b)(1), and possession of a firearm after having sustained a felony conviction, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), he reserved the right to appeal the Court's denial of his motions to suppress and his motion to dismiss. Peck had moved to dismiss the § 922(g)(1) count, arguing that the statute was unconstitutional as applied to him.

In his § 2255 motion, Peck only raises one ground for relief. He argues—as he did in his motion to dismiss and on direct appeal—that his conviction under 18 U.S.C. § 922(g)(1) violates the Second Amendment to the United States Constitution as applied to him. *See United States v. Peck*, 131 F.4th 629, 632 (8th Cir. 2025), *reh'g denied*, No. 24-1198, 2025 WL 1454974 (8th Cir. May 21, 2025), *and cert. denied*, 223 L. Ed. 2d 564 (Jan. 20, 2026).

In affirming Peck's conviction and sentence on direct appeal, the Eighth Circuit fully considered the Second Amendment issue. *See Peck*, 131 F.4th at 632. The Eighth Circuit explained that argument "is foreclosed by our precedent." *Id.* (citing *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) (rejecting an as-applied challenge to § 922(g)(1) in which the defendant had prior nonviolent drug offenses)).

**C. No Intervening Change in the Law Exists**

For his part, Peck at least acknowledges that his Second Amendment challenge "was presented on direct appeal" but says it is "re-presented here on collateral review in light of intervening Supreme Court Authority." In his view, *United States v. Hemani*, 608 U.S. 772, 782-94 (2026), is a "near-twin" to his case (Filing No. 173). While Peck candidly admits that *Hemani* arose under § 922(g)(3), not (g)(1), he nonetheless contends that "*Hemani* reaffirmed and sharpened an analytical method that [*United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024)] cannot survive." This argument is without merit.

In *Hemani*, the Court made clear that its holding was "a narrow one" which "do[es] not address 18 U.S.C. § 922(g)(1)'s provision disarming individuals convicted of felonies (often including drug-related ones)." 608 U.S. at 794. Despite any tension Peck sees in the reasoning between *Jackson* and *Hemani*, *Jackson* remains good law and governs his case. *See id.*; *cf. Hennepin County v. Fed. Nat'l Mortg. Ass'n*, 742 F.3d 818, 823 (8th Cir. 2014) ("Lower courts must follow Supreme Court precedent which directly applies to a case before them, even if such precedent might appear 'to rest on reasons rejected in some other line of decisions.'" (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484-85 (1989))).

Because Peck's sole ground for relief was already decided on direct appeal and *Hemani* does not disturb that decision, he "is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**D. No Certificate of Appealability**

Peck cannot appeal an adverse ruling on his § 2255 motion unless he first obtains a "certificate of appealability." *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). To get one, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That requires him to "demonstrate that reasonable jurists would find the [Court's] assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not made that showing. Therefore, no certificate will issue.

Accordingly,

IT IS ORDERED:

1. Defendant Robert Peck Jr.'s *pro se* motion to vacate under 28 U.S.C. § 2255 (Filing No. 172) is denied.
2. The Court will not issue a certificate of appealability in this matter.
3. A separate judgment will issue.
4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant.

Dated this 5th day of October 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge